UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELTON PARTEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01119-MTS |
| STEVEN LEWIS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Shelton Partee's submission of a civil complaint and motion for leave to proceed in forma pauperis. The Court will grant the motion to proceed in forma pauperis and will dismiss this action without further proceedings.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against seven defendants.  He identifies the defendants as follows: Steven Lewis, Attorney for Aziz; Michael K. Mullen, Probate Judge; Jill M. Hanley, Public Administrator #1; "John Doe a.k.a. Bob Woods, Realtor;" Sean M. Rapp, Public

Administrator #2; "Regency Realty Doe, Private Business;" and Kevin B. Anderson, Deputy Comm. Doc. [1] at 1-4.

Plaintiff claims to proceed pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. He can be understood to assert violations of his right to equal protection and due process as the basis of his § 1983 claims. Plaintiff's allegations are often difficult to discern, but his claims clearly arise from State probate court proceedings following his sister's death.

Plaintiff begins by writing:

> 1   Now come Plaintiff/Heir Shelton Partee in prose, this is a civil rights action under 42 U.S.C. section 1981, 1983, 1985(3) & 1986, in response Circuit Court City of St. Louis, Mo. Probate Div. , exercising jurisdiction on a flawed & defective Application For Letters Of Administration for Aliyyah Aziz Cause 1722-PR00701, Jan.22,2018
>
> 2   In addition trial court Judge Mullen's granting Letters of Administration to Jill M. Hanley on Jan. 26, 20128 under Cause 1722-PR00702, Stripped the equal protection of law and due process from Plaintiff, Violations of his XIV Amend. U.S. Const. rights.

*Id.* at 1.[1]  Plaintiff alleges as follows.

After his sister died, Plaintiff asked Hanley to serve as administrator for her estate. Hanley initially agreed, but later told him she could not proceed because someone else had already filed an application for letters of administration. That person was later identified as Aliyyah Aziz. Plaintiff asserts that he was an heir, but claims Aziz was not.

Plaintiff filed an objection with the Court. He had difficulty getting information about a hearing date, but he filed materials in support of his objection. "Applicant for Letters failed to notify any of the heirs of Jan. 22, 2018 date for Hearing . . .". *Id.* at 9. However, on "Jan. 22, 2018, after arguments the Judge concurred with Plaintiff, Aliyyah Aziz should not get Letters of Administration . . . Judge say Jan. 22, 2018 he turning case over to Public Administrator." *Id.*

---

[1] The text is quoted verbatim without correction of errors.

3

On January 25, 2018, Lewis filed an amended application for letters of administration, adding nine new heirs, including Plaintiff.  The following day, the Court granted Hanley letters of administration.  Plaintiff gave Hanley his sister's records to copy, but Hanley did not return the originals.  Hanley began to administer the estate, but failed to comply with Missouri law "and file a application for Letters of Administration with the Clerk of the Court, that was sign by the person for whom the Letters are for and signed by the representative of the applicant." *Id.* at 10.  She also failed to "get a cause number to call for a Hearing with the heirs in Court to determine if they wanted a public administrator." *Id.*

On March 21, 2018, Hanley and Doe filed a "Petition To Charge Off Assets as NO Value." *Id.* (emphasis in original).  Plaintiff writes:

> 27. Public Administrator #2 took over case, Sean M. Rapp appointed to case, Apr. 1, 2022
>
> 28. Jan. 17, 2023 Court Order, Hearing to Hear Objections to Final Settlement, Feb. 2, 2023 Sean M Rapp Public Administrator #2.
>
> 29. Jan. 18, 2023 Plaintiff Partee filed Objections to Final Settlement and Requested to be notified of such hearing if granted and also requested the return of his records.
>
> 30. Feb. 2, 2023 Hearing held by Deputy Commission Kevin B. Anderson
>
> 31. Feb. 9, 2023, Court ORDERS granting settlement.

*Id.*

Plaintiff claims the defendants violated his equal protection and due process rights.  He claims Lewis failed to satisfy the "Requirements for filing a civil suit for Letters of Administration," failed to name him in a 2017 application; and failed to notify him of the commencement of a suit and of a 2018 hearing. *Id.* at 11.  He claims Judge Mullen failed to follow Missouri law, wrongfully exercised jurisdiction over Aziz's application in 2018, and

4

granted letters to Hanley in 2018 in violation of Missouri law.  Plaintiff claims Hanley processed letters that were improperly granted to her; failed to get a cause number; misled the judge; and breached her duty to administer the estate fairly and impartially.  Plaintiff claims "John Doe, a.k.a Bob Woods" colluded with Hanley to mislead the court to charge off assets.  *Id.* at 15.  He claims Rapp violated his Fourteenth Amendment rights when he was appointed to the case on April 1, 2022, and colluded with other defendants to perpetrate a "swindle."  *Id.* at 16.  Plaintiff claims Regency Realty knew of the "collusion and swindle" and was complicit.  *Id.* at 17.  Plaintiff claims Anderson failed to resolve conflicts or review or investigate efforts to conceal information.  Plaintiff repeatedly states that the defendants' actions "were perpetrated against poor people and people of color," but he does not allege facts indicating that race or socioeconomic status was a motivating factor behind any defendant's action.  *Id.* at 11, 14-18.  He seeks monetary relief.

## Discussion

Plaintiff states he asserts claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986.  The Court addresses Plaintiff's claims in turn.

**I.**     **42 U.S.C. § 1981**

Plaintiff cites 42 U.S.C. § 1981, which provides in relevant part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a plausible claim under § 1981, a plaintiff must demonstrate that the defendant purposefully and intentionally discriminated against him on the basis of race.  *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).  In this case, the complaint contains no facts indicating that any defendant purposefully and intentionally discriminated

5

against Plaintiff on the basis of race. As a result, the complaint fails to state a claim under § 1981.

**II.      42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff claims the defendants violated his rights to equal protection and due process. The Court first considers whether Plaintiff has adequately alleged a violation of his right to equal protection.

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994). The dissimilar treatment of dissimilarly situated people does not violate equal protection. *Id*. As such, the first step in an equal protection case is determining whether the plaintiff has demonstrated that he was treated differently than others who were similarly situated. *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018). Unless the plaintiff can make a threshold showing that he is similarly situated to those who allegedly received favorable treatment, the plaintiff does not have a viable equal protection claim. *Id*. The plaintiff must also show that "the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prison*s, 515 F.3d 807, 815 (8th Cir. 2008).

In this case, Plaintiff can be understood to expresses dissatisfaction with the proceedings concerning his sister's estate. However, he fails to plead facts permitting the inference that he was treated differently than others who were similarly situated. As a result, he fails to plead a plausible equal protection claim.

6

Plaintiff also claims the defendants violated his right to due process. The Fourteenth Amendment forbids States from depriving "any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. "This clause has two components: the procedural due process and the substantive due process components." *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999). "Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated, and the possession of a protected life, liberty, or property interest is a condition precedent to any due process claim." *Id.* (quotation marks, alterations, and citations omitted). "[W]here no such interest exists, there can be no due process violation." *Id.* (internal quotation omitted).

In this case, the complaint cannot be interpreted as claiming the deprivation of a protected life or liberty interest. The Court therefore considers whether Plaintiff has sufficiently pleaded a constitutionally cognizable property interest in his sister's estate. "To have a constitutionally cognizable property interest in a right or benefit, a person must have 'a legitimate claim of entitlement to it.'" *Austell v. Sprenger*, 690 F.3d 929, 935 (8th Cir. 2012) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

Here, Plaintiff does not claim he had an ownership or property interest in any property in his sister's estate. Instead, he states he was an heir. While that assertion establishes that Plaintiff had an expectation of entitlement to his sister's estate, it does not establish that he had a legitimate claim of entitlement to it. The remainder of the complaint contains no allegations that can be construed as asserting a legitimate claim of entitlement to Plaintiff's sister's estate. The complaint therefore fails to plead a plausible due process claim.

Plaintiff pleads no facts that would establish the violation of his Constitutional right to equal protection, due process, or any other federally protected right. The Court will not assume

7

facts that Plaintiff has not alleged.  *See Stone*, 364 F.3d at 914-15.  Because Plaintiff has failed to adequately plead the violation of a federally protected right, he has failed to state a claim that is cognizable under 42 U.S.C. § 1983.  *See West*, 487 U.S. at 48 (noting the elements of a valid § 1983 claim).  Therefore, the Court will not continue the analysis to determine whether Plaintiff has sufficiently alleged that each defendant acted under color of state law.  Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff has failed to state a claim that is cognizable under § 1983.

**III.     42 U.S.C. §§ 1985(3) and 1986**

Plaintiff also cites 42 U.S.C. § 1985(3), which concerns conspiracies to interfere with civil rights.  Section 1985(3) provides, in relevant part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To prove a conspiracy in violation of the first clause of § 1985(3), a plaintiff must show, among other things, that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action . . .".  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993).  *See United Broth. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983).  A cause of action under § 1986 is dependent on a valid claim under § 1985. *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).

Here, Plaintiff repeatedly states that the defendants' actions "were perpetrated against poor people and people of color."  Doc. [1] at 11, 14-18.  However, he does not allege facts permitting the inference that any of the defendants acted with a racial or class-based animus. The Court therefore concludes that the complaint fails to state a cause of action under § 1985(3).

8

*See Scott,* 463 U.S. at 834-39. The Court also concludes that the complaint fails to state a cause of action under § 1986. *See Kaylor,* 661 F.2d 1184 (A cause of action under § 1986 is dependent on a valid claim under § 1985).

The Court concludes that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§ 1981, 1983, 1985, or 1986. Plaintiff does not assert, nor can the Court discern, the basis for any other claim arising under federal law. Because the complaint fails to state any federal claims for relief, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff can be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**, and Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot. **IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of January, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

9